UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| WESTGATE RESORTS, LTD., a Florida limited partnership, et al., | : : : | Case No. 18-CV-359-ORL-18-TBS |
| Plaintiffs | : : | |
| v. | : : | |
| U.S. CONSUMER ATTORNEYS, P.A.. et al. | : : : | |
| Defendants. | : : | |

**DEFENDANTS' MOTION TO APPEAR TELEPHONICALLY AT MEDIATION**

Defendant U.S. Consumer Attorneys, P.A. ("USCA") and Henry Portner ("Portner") (USCA and Portner are collectively herein the "Defendants"), by and through undersigned counsel, respectfully request, this Court allow Defendants to participate telephonically in mediation.

On June 1, 2018, this Court entered a Case Management and Scheduling Order requiring mediation. [Doc. 23]. On July 24, 2018, this Court reset dates in the previous scheduling order to require the parties to conduct the mediation hearing on or before September 3, 2019. The mediation in this case is currently scheduled for August 30, 2019 at 9:30 a.m. at the Greenspoon Marder offices in Orlando, Florida.

The parties conducted Mr. Portner's deposition on August 28, 2019 beginning at 9:00 a.m. at the Greenspoon Marder offices in Fort Lauderdale, Florida. The deposition concluded at approximately 8:00 p.m. Mr. Portner has a home in Lake Worth, Florida (about an hour away from Ft. Lauderdale), and travelled to that home after his deposition concluded.

A State of Emergency has been declared in the State of Florida due to Hurricane Dorian. On the morning of August 29, 2019, Defendant Portner, who is also the corporate representative of Defendant USCA, requested to participate in the mediation by phone given the State of Emergency. Defendant Portner's reasons include his age, his current poor health, the distance to travel, his fear of not being able to get gas on the way back from Orlando, his wife having to "hurricane proof" their house by herself, and the possibility that the storm might strike sooner than anticipated leaving him stranded. Undersigned counsel notified the mediator's office of Mr. Portner's request. Undersigned counsel also confirmed he would be attending in person.

The mediator was not opposed to Mr. Portner attending by telephone given the explained circumstances. The mediator checked with opposing counsel and they said they would not agree to allow Mr. Portner to attend telephonically. The mediator relayed that this position was based on the fact that they would be travelling from Fort Lauderdale, and so Mr. Portner should be able to travel as well.

In order to appear telephonically, Defendants must demonstrate an "extraordinary circumstance." Mr. Portner believes his reasons, in toto, constitute an "extraordinary circumstance" which should excuse his personal attendance at the mediation.

> "A motion can show an 'extraordinary circumstance' in either of two ways. One way is to present an obstacle that is obviously almost insurmountable. A party in a body cast is not necessary, but that is the idea. The other is to present a burden not overwhelming at first blush and to explain in detail each inference necessary to show that the burden on the individual outweighs the burden on the parties, the court, and the public of losing a mediation at which each party is physically present." *Chancey v. Hartford Life & Acc. Ins. Co.*, 944 F.Supp.2d 1239, 1241 (M.D.Fla. 2001).

Mr. Portner would offer that a Category 4 Hurricane presents an almost insurmountable circumstance. He understands others are travelling and that the Hurricane is not predicted to hit until Sunday. But given his other circumstances, i.e. his wife being alone to prep, his age and poor

health, gas issues, and the unexpected nature of the storm, Mr. Portner submits that if not insurmountable, each detail demonstrates an extreme burden on him which outweighs the burden on others.

Mr. Portner is not filing this Motion because the mediation is too far away from where is presently located or because he believes it will be unsuccessful. Rather, he is filing this Motion because he is concerned for his health and the safety of his wife. His recent deposition lasting almost twelve hours indicates he is engaged and participating in this litigation.

For the foregoing reasons, Defendants USCA and Henry Portner respectfully request to appear at the mediation via telephone. Undersigned counsel will appear in person.

Respectfully submitted,

THE LAW OFFICES OF BRIAN T. GILES, LLC

/s/ Brian T. Giles

Brian T. Giles (Fla Bar No. 0929751)

 Trial Attorney

1470 Apple Hill Road
Cincinnati, Ohio 45230
513-379-2715;
Brian@gilesfirm.com

**CERTIFICATE OF CONFERENCE**

Undersigned counsel hereby certifies that he spoke via telephone with opposing counsel to meet and confer on the relief requested in the instant motion. Opposing counsel reiterated the reasons stated to the mediator, as well as, his belief that mediations are more productive if the party attends in person (undersigned counsel agrees mediations are generally more productive if the party attends in person). Opposing counsel proposed continuing the mediation as well, but

given the late hour, this did not appear to practical, either for the mediator who has this on his schedule for tomorrow or for the parties involved (undersigned counsel travelled from Cincinnati, Ohio to Fort Lauderdale to Orlando). The parties were unable to reach an agreement as to the resolution of the motion.

/s/ Brian T. Giles
Brian T. Giles (Fla Bar No. 0929751)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was filed with the Clerk of Courts on August 29, 2019 and furnished to all parties and/or counsel of record via CM/ECF.

/s/ Brian T. Giles
Brian T. Giles (Fla Bar No. 0929751)